UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EDWARD THEODORE RILEY, II, ET AL.,**

Plaintiffs,

v. **No. 4:26-cv-00728-P**

**MARY LOUISE NICHOLSON,**

Defendant.

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On August 21, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 9. The Magistrate Judge recommended dismissal of this case with prejudice due to Plaintiffs' failure to comply with the Court's orders in this case and several similar cases. ECF No. 9. Specifically, Plaintiff Riley did not comply with the Court's August 3, 2026 orders to obtain counsel or proceed pro se and file an amended complaint by August 17, 2026, and Plaintiff Milhouse did not comply with the Court's order to show cause by August 17, 2026 as to why he should not be sanctioned for repeatedly attempting to practice law without a license. ECF No. 7. Plaintiff Riley filed an objection to the FCR on September 1, 2026. ECF No. 10. Plaintiff Milhouse did not file an objection.

The Court has conducted a *de novo* review of the following:

1. The pleadings and record;
2. The FCR of the United States Magistrate Judge (ECF No. 9);
3. Plaintiff Riley's written objections to the FCR (ECF No. 10); and
4. The applicable law.

The Court, having conducted a *de novo* of the FCR in accordance with 28 U.S.C. § 636(b)(1), concludes that the findings and conclusions of the

Magistrate Judge are correct, and adopts them as the findings and conclusions of the Court.

Plaintiff offers no valid reason for repeatedly failing to comply with the Court's orders after being given two weeks to do so. Despite Plaintiff's questionable contention that his registration to become an electronic user was pending with the Court, Plaintiff could have filed documents through the clerk's office if he was unable to file them electronically. While Plaintiff states that his "documented disabilities" prevented him from complying with the Court's order, he offers little to no support for this assertion. Even so, Plaintiff chose to proceed without counsel. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted). Pro se plaintiffs are not given leave to ignore reasonable court rules and procedures. *See United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986); *Elmore v. McCammon*, 640 F. Supp. 905, 910 (S.D. Tex. 1986) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.") (quotation omitted). Lastly, having to appear at an eviction trial on August 18, 2026–the day after the deadline to comply with the Court's orders expired–is not justification for why Plaintiff could not have complied with the Court's orders during the two weeks prior. Plaintiff's remaining objections are similarly unavailing.

Accordingly, it is **ORDERED** that Plaintiff's objection is **OVERRULED**, and the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**. This case is **DISMISSED with prejudice**.

**SO ORDERED** on this **17th day of September 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE